1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9 | ROBERT GONZALES SAENZ,      CASE NO. 1:09-cv-00557-GSA-YNP (PC)

10          Plaintiff,      ORDER REQUIRING PLAINTIFF EITHER TO
FILE AMENDED COMPLAINT OR TO NOTIFY

11    v.      COURT OF WILLINGNESS TO PROCEED
ONLY ON CLAIMS FOUND TO BE

12 ASSOCIATE WARDEN M. SPEARMAN, et COGNIZABLE
al.,

13          (Doc. 1)

14          Defendants.      RESPONSE DUE WITHIN 30 DAYS

                              /

15

16      Plaintiff Robert Gonzales Saenz ("Plaintiff") is a state prisoner proceeding pro se and in

17 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of

18 the California Department of Corrections and Rehabilitation and was incarcerated at Pleasant Valley

19 State Prison in Coalinga, California ("PVSP") at the time the events in his complaint took place.

20 Plaintiff is suing under section 1983 for the violation of his rights under the First, Fifth, Eighth, and

21 Fourteenth Amendments of the U.S. Constitution. Plaintiff names M. Spearman (associate warden),

22 D. Reeves (sergeant), C. Hudson (appeals coordinator), M. Davis (chief deputy warden), and K.

23 Marshall (correctional counselor) as defendants. For the reasons set forth below, Plaintiff will be

24 given the opportunity either to file an amended complaint, or to notify the Court of his willingness

25 to proceed only on the claims found to be cognizable in this order.

26 **I.**    **Screening Requirement**

27      The Court is required to screen complaints brought by prisoners seeking relief against a

28 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

4   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

5   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

6   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

8   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

9   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

10  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

11  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

12  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading

13  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

14  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

15  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

16  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

17  **II.    Background**

18       Plaintiff alleges that Defendants violated his rights under the First, Fifth, Eighth, and

19  Fourteenth Amendments.  Plaintiff's claims arise out of his placement in the Administrative

20  Segregation Unit ("ASU") at PVSP.

21       **A.    Defendant M. Spearman**

22       Defendant Spearman is the associate warden at PVSP. (Compl. ¶ 1.) Plaintiff claims that

23  Defendant Spearman's actions violated his First, Fifth, Eighth, and Fourteenth Amendment rights.

24  (Compl. ¶ 12.) Plaintiff alleges that Defendant Spearman held a segregation order hearing on August

25  30, 2007. (Compl. ¶ 3.)  The hearing was conducted at Plaintiff's cell, through the windowed door

26  and in the presence of "non-protected prisoners".  (Compl. ¶ 4.)  Defendant Spearman denied

27  Plaintiff's request for a confidential hearing.  (Compl. ¶ 6.)

28  ///

Plaintiff's remaining allegations against Defendant Spearman are vague and confusing. Plaintiff alleges that "Spearman's failure to record his reasons for the denial is inarguably (sic) supportive towards predetermination of condoning, encouraging, and initiating officer misconduct. It's animosity cemented in Plaintiff's exercising his 'freedom of speech' right at grievance redress . . ." (Compl. ¶ 7.)  "Spearman, under individual capacity, acted to single-out, condone, encourage, while initiating retaliatory acts of misconduct, outside of his official duties."  (Compl. ¶ 8.) "Spearman's CDCR-114-D hearing, its denial of confidentiality request, affirmed at ICE, must be construed as 'denial of single-cell request.'" (Compl. ¶ 13.)

**B.    Defendant D. Reeves**

Defendant Reeves is a correctional sergeant at PVSP.  (Compl. ¶ 14.)  On September 14, 2007, inmate Abreu was celled with Plaintiff.  (Compl. ¶ 16.)  Plaintiff and Abreu were asked to sign and date compatibility consent forms.  (Compl. ¶ 17.)  Plaintiff pointed out that Plaintiff was a level-2 inmate and Abreu was a level-4 inmate and compatibility was improper.  (Compl. ¶ 18.) Defendant Reeves threatened disciplinary action if Plaintiff rejected Abreu as an inmate.  (Compl. ¶ 18.)

On September 19, 2007, Abreu asked to speak privately with Defendant Reeves.  (Compl. ¶ 19.)  Plaintiff was escorted to a holding cage.  (Compl. ¶ 19.)  Defendant Reeves later approached Plaintiff's cage and stated "You like going after officers", "I know why your(sic) hear(sic) from CSATF", "Well I have your fucken(sic) ass, I just made you a faggot", "You raped your cellie", "I'll make sure you get time for this".  (Compl. ¶ 20.)  Plaintiff was held in a cage without drinking water or toilet use for 5.5 hours.  (Compl. ¶ 21.)  Plaintiff was taken to Fresno Community Hospital where he was not permitted to use the toilet from 12:40pm to 4:00 pm.  (Compl. ¶ 22.)  Defendant Reeves and inmate Abreu collaborated to issue a fabricated rape charge against Plaintiff.  (Compl. ¶ 23.) Plaintiff appealed the charge on September 28, 2007.  (Compl. ¶ 26.)

**C.    Defendant C. Hudson**

Defendant Hudson is a correctional counselor and inmate appeals coordinator at PVSP. (Compl. ¶ 27.)  Plaintiff claims that Defendant Hudson violated Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments.  (Compl. ¶ 46.)  Defendant Hudson responded to

Plaintiff's September 28, 2007 inmate appeal regarding Defendant Reeve's fabricated rape charges. (Compl. ¶ 29.)  On October 31, 2007, Defendant Hudson screened-out Plaintiff's inmate appeal. (Compl. ¶ 34.)  Defendant Hudson screened the complaint out as "outside the appeal process". (Compl. ¶ 35.)  Plaintiff claims Defendant Hudson delayed processing of his inmate appeal until it could be rejected as untimely.  (Compl. ¶ 37.)

### D.    Defendant M. C. Davis

Defendant Davis is the chief deputy warden at Pleasant Valley State Prison.  (Compl. ¶ 47.) Plaintiff claims that Defendant Davis violated Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments.  (Compl. ¶ 58.)  On December 27, 2007, Plaintiff appeared before an institutional classification committee consisting of Defendants Davis, Spearman, and Reeves. (Compl. ¶ 49.)   Defendant Davis retained Plaintiff in the administrative segregation unit's disciplinary housing despite the fact that "ASU officials failed to serve notification of charges, via rules violation report." (Compl. ¶ 50.)  Plaintiff remained in the ASU from September 19, 2007 to August 29, 2008. (Compl. ¶ 50.)  Plaintiff claims that regulations require Plaintiff to be served with written charges within 48 days.  (Compl. ¶ 50.)

Plaintiff claims that "Davis' retaliatory act . . . acted as encouragement, condoning, and initiated further acts of cruelty towards Plaintiff".  (Compl. ¶ 52.)  The "further acts of cruelty" apparently refer to an incident in which a weapon was planted in Plaintiff's cell.   Plaintiff surrendered the planted weapon to the ASU-ICC.  Plaintiff was held in a cage for 4.5 hours without drinking water or toilet use, he was strip searched, his cell was searched and Defendant Reeves destroyed a photograph belonging to Plaintiff while threatening to injure Plaintiff.  Plaintiff was moved to a corner cell with cold temperatures at night and was denied extra clothing and blankets. Plaintiff was issued a rules violation report for the planted weapon and was found guilty and punished with 121 days of lost credit.

Plaintiff alleges that Davis' decision to detain Plaintiff in the ASU resulted in further retaliation when Plaintiff was moved to a new cell on May 19, 2008. (Compl. ¶ 54.) Plaintiff alleges that the cell did not have cold water for drinking. (Compl. ¶ 55.)  On June 08, 2008, Officer Lee intentionally skipped Plaintiff's cell while distributing milk, fruit, juice, and coffee.  Officer Lee later

removed Plaintiff from his exercise yard cage, and shoved Plaintiff into his cell and into a concrete table while Plaintiff's hands were handcuffed behind his back.  Plaintiff appealed the incident but his appeals were ignored, delayed, or denied.  On February 2, 2008, Plaintiff claims ASU library officer Holiday and ASU property officer Singleton attempted to intimidate Plaintiff into halting his pending inmate appeals and habeas corpus actions.

### E.    Defendant K. Marshall

Defendant Marshall is a correctional counselor at PVSP.  (Compl. ¶ 62.)  Plaintiff claims that Defendant Marshall violated his rights under the Fifth, Eighth, and Fourteenth Amendments.  (Compl. ¶ 73.)  On May 20, 2008, Defendant Marshall conducted an interview and provided Plaintiff with a "CDC-840 Reclassification Score Sheet".  (Compl. ¶¶ 64-65.)  Plaintiff alleges that the score sheet contained an incorrect classification score.  (Compl. ¶ 65.)  On May 21, 2008, Defendant Marshall conducted an interview with Plaintiff and threatened to mishandle Plaintiff's upcoming transfer to extend his time in the ASU.  (Compl. ¶¶ 66-67.)  Defendant Marshall acknowledged that the classification score was incorrect and that Defendant Davis would "hold" Plaintiff until he transferred.  (Compl. ¶ 68.)  Plaintiff alleges that he was held improperly in the ASU from May 22, 2008 to August 29, 2008 as a result of the false classification score.  (Compl. ¶ 71.)

## III.   Discussion

### A.    First Amendment Claims

Plaintiff claims that Defendants Spearman, Hudson, and Davis violated his rights under the First Amendment.  (Compl. ¶¶ 12, 39, 46, 58.)  "[A] prisoner inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system."  Pell v. Procunier, 417 U.S. 817, 822 (1974).  A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff describes the right at issue as "First Amendment's freedom of speech, at grievance redress".  (Compl. ¶ 12.)  The manner in which Plaintiff's First Amendment rights were infringed is not clear.  Plaintiff does not allege that any of the defendants prevented him from drafting or filing grievances.  Plaintiff alleges that his inmate appeals were denied or screened out.  The First

Amendment does not guarantee that Plaintiff's appeals will be granted.  Plaintiff fails to state a cognizable claim under the First Amendment.

### B.      Fifth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Fifth Amendment.  "[T]he Fifth Amendment's due process clause applies only to the federal government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).   Plaintiff only names state prison officials as Defendants. Plaintiff's claims are more appropriately brought under the Fourteenth Amendment.

### C.      Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Eighth Amendment.  The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety".  Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

### 1.      Eighth Amendment Claims Against Defendant Spearman

Plaintiff claims that Defendant Spearman violated his Eighth Amendment rights by failing to conduct a confidential segregation order hearing.  The hearing was conducted "in the direct

1 presence of non-protected prisoners." (Compl. ¶ 4.) Defendant Spearman denied Plaintiff's request

2 for a confidential hearing "as revelant(sic) factors require confidentiality, Plaintiff appealed".

3 (Compl. ¶ 6.) Plaintiff provides no details regarding what the segregation order hearing was about,

4 why confidentiality was necessary, or how the denial of confidentiality resulted in a "sufficiently

5 serious" deprivation for Eighth Amendment purposes.  Plaintiff fails to state a claim against

6 Defendant Spearman for violation of the Eighth Amendment.

7 **2.   Eighth Amendment Claims Against Defendant Reeves**

8 Plaintiff claims that Defendant Reeves violated his Eighth Amendment rights by housing

9 Plaintiff with a "level-4" inmate and fabricating a rape charge against Plaintiff that resulted in

10 Plaintiff being housed in the ASU.  Plaintiff was also held for a prolonged period of time without

11 drinking water or toilet use.  Plaintiff also made requests for extra clothing and blankets to combat

12 the 40 degree temperatures in his cell that were denied by Defendant Reeves.

13 Plaintiff's allegations regarding the fabricated rape charge do not rise to the level of an Eighth

14 Amendment violation.  Plaintiff's allegations do not demonstrate that the fabricated rape charges

15 resulted in the denial of "the civilized measure of life's necessities".  Plaintiff alleges that a number

16 of reports were made regarding the false charges, but Plaintiff does not allege what injury, if any, he

17 suffered as a result of those reports.  Plaintiff does not allege that he was criminally prosecuted as

18 a result of the fabricated rape charges, or that the rape charges otherwise extended the duration of

19 his confinement.  Even if Plaintiff's duration of incarceration was extended as a result of the rape

20 charges, Plaintiff's claims must first be brought in a petition for habeas corpus, not in a section 1983

21 civil rights action.  See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Heck v. Humphrey, 512 U.S.

22 477, 481-482, 487 (1994) (plaintiff may not pursue a § 1983 claim for damages until plaintiff can

23 prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive

24 order, declared invalid by a state tribunal authorized to make such determination, or called into

25 question by a federal court's issuance of a writ of habeas corpus" when "establishing the basis for

26 the damages claim necessarily demonstrates the invalidity of the conviction").  Plaintiff fails to state

27 a cognizable claim for an Eighth Amendment violation regarding the fabricated rape charges.

28 ///

Plaintiff also alleges that Defendant Reeves held Plaintiff in a holding cage for a prolonged period of time without drinking water or toilet use.  Plaintiff was also held in an ASU cell that reached sub-40 degree temperatures at night and Defendant Reeves denied Plaintiff's requests for extra clothing and blankets to keep warm.  "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  Liberally construed, Plaintiff states a cognizable claim against Defendant Reeves for violating the Eighth Amendment by failing to provide drinking water and access to a toilet for a prolonged period of time, and denying Plaintiff's requests for adequate clothing and blankets.

### 3. Eighth Amendment Claims Against Defendant Hudson

Plaintiff claims that Defendant Hudson violated his Eighth Amendment rights by screening-out Plaintiff's inmate appeal regarding Defendant Reeves' actions.  Defendant Hundson claimed that Plaintiff's inmate appeal was "outside the appeal process".  (Compl. ¶ 35.)  Plaintiff alleges that Defendant Hudson's actions "halts all further levels of grievance redress".  (Compl. ¶ 38.)  Plaintiff also alleges that Defendant Hudson "introduc[ed] a known declaratory document as deceitful, untrue into ongoing judicial proceedings."  (Compl. ¶ 45.)

The screening-out of Plaintiff's inmate appeal does not result in the denial of the minimal civilized measure of life's necessities, even if the justification for the screen-out is illegitimate.  The Eighth Amendment does not guarantee vindication for Plaintiff's inmate appeals.  Plaintiff is advised that appeals coordinators are not normally liable for denying grievances regarding past-committed constitutional violations.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."  George v. Smith, 507 F.3d

605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Further, Plaintiff's allegations regarding the "declaratory document" introduced into "ongoing judicial proceedings" are vague and unclear.  Plaintiff fails to identify what the judicial proceedings were, what the "declaratory document" consisted of, or what injury Plaintiff suffered as a result.  Plaintiff fails to state a cognizable claim against Defendant Hudson for violation of the Eighth Amendment.

### 4.    Eighth Amendment Claims Against Defendant Davis

Plaintiff alleges that Defendant Davis violated his Eighth Amendment rights by retaining Plaintiff in ASU disciplinary housing for 299 days before receiving an RVR.  Plaintiff alleges that regulations require that he receive an RVR within 48 days of housing in the ASU.  Plaintiff alleges that Defendant Davis' actions caused Plaintiff to suffer other acts retaliation such as when an ASU officer planted a weapon in Plaintiff's cell and when Officer Lee intentionally passed Plaintiff's cell while distributing food.  Plaintiff attempts to hold Defendant Davis liable as "hiring authority" over all staff.

Defendant Davis' failure to provide Plaintiff with a copy an RVR within 48 days of being housed in the ASU does not rise to the level of an Eighth Amendment violation.  The failure to comply with prison regulations does not necessarily amount to the denial of "the minimal civilized measure of life's necessities".

With respect to the retaliation and harassment Plaintiff suffered in the ASU, Plaintiff does not allege a sufficient causal connection between Defendant Davis and the alleged retaliation/harassment.  Plaintiff does not provide any allegations that suggest that Defendant Davis directly caused, or was the proximate cause of, the further retaliation that Plaintiff suffered while in the ASU.  Plaintiff only alleges that he was placed in the ASU by Defendant Davis, and that Plaintiff suffered retaliation from other prison officials while in the ASU.  Plaintiff does not allege that Defendant Davis directed the prison officials to harass Plaintiff.

Further, Plaintiff does not provide allegations that demonstrate that Defendant Davis acted with deliberate indifference.  Plaintiff does not allege that Defendant Davis intentionally housed

Plaintiff in the ASU knowing that he would suffer from the cold temperatures, or that Defendant Davis knew that other prison officials would retaliate against Plaintiff. Without knowledge of a specific risk of an excessive risk to Plaintiff's health or safety, Defendant Davis has not acted with deliberate indifference. Plaintiff fails to state a cognizable claim against Defendant Davis for violation of the Eighth Amendment.

### 5.        Eighth Amendment Claims Against Defendant Marshall

Plaintiff claims that Defendant Marshall provided Plaintiff with an incorrect classification score. Plaintiff fails to allege that Defendant Marshall acted with deliberate indifference. Plaintiff does not allege that Defendant Marshall intentionally provided the incorrect classification score with actual knowledge of an excessive risk to Plaintiff's health or safety. Plaintiff does not allege that Defendant Marshall had actual knowledge of the conditions in ASU. Plaintiff fails to state a cognizable claim against Defendant Marshall for violation of the Eighth Amendment.

### D.        Fourteenth Amendment - Due Process Claims

Plaintiff claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

### 1.        Due Process Claims Against Defendant Spearman

Plaintiff claims that Defendant Spearman violated his due process rights by denying Plaintiff's request for a confidential segregation hearing. Plaintiff fails to identify what protected liberty interests were implicated in his due process claims against Defendant Spearman. Plaintiff's allegations do not demonstrate how the denial of a confidential segregation hearing was an "atypical and significant hardship" on Plaintiff.

## 2.   Due Process Claims Against Defendant Reeves

Plaintiff claims that Defendant Reeves violated his due process rights by fabricating false rape charges against Plaintiff, which resulted in Plaintiff being retained in the ASU.  The Due Process Clause does not provide a guarantee that Plaintiff will be free from fabricated accusations of disciplinary violations.  However, the Due Process Clause guarantees certain procedural protections to give Plaintiff the opportunity to prove his innocence when faced with disciplinary charges (fabricated or otherwise).  These procedural protections are limited in the prison disciplinary context because "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  Plaintiff provides no allegations that he was denied the minimal procedural protections set forth in Wolff.  As such, Plaintiff fails to state a cognizable claim for a violation of the Due Process Clause based on the false charges made against him.

## 3.   Due Process Claims Against Defendant Hudson

Plaintiff claims that Defendant Hudson violated his due process rights by screening out Plaintiff's inmate appeal regarding Defendant Reeves' conduct.  Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Screening out Plaintiff's inmate appeal is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life." Plaintiff has no protected liberty interest in the vindication of his administrative claims. The Constitution does not provide a guarantee that prison officials will be punished for their alleged wrongdoing. Plaintiff fails to state a cognizable claim for violation of his due process rights against Defendant Hudson.

### 4.    Due Process Claims Against Defendant Davis

Plaintiff claims that Defendant Davis violated his due process rights by retaining Plaintiff in the ASU.   When prison officials need to determine whether a prison is to be segregated for administrative reasons (as opposed to disciplinary reasons), due process only requires (1) an informal, nonadversary hearing within a reasonable time after the prisoner is segregated; (2) notice of the reasons for considering segregation; and (3) an opportunity for the prisoner to present his/her views. Toussant v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986).  Due process does not require detailed written notice of any charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in segregation. Id. at 1100-1101. Further, due process does not require disclosure of the identity of any person providing information leading to placement in segregation. Id.  Plaintiff fails to make any allegations that he was denied any of the procedural protections guaranteed by the Due Process Clause at the ASU classification hearing. Plaintiff fails to state a cognizable claim against Defendant Davis for retaining Plaintiff in the ASU.

### 5.    Due Process Claims Against Defendant Marshall

Plaintiff claims that Defendant Marshall violated his due process rights by providing Plaintiff with an incorrect classification score.  Plaintiff further alleges that the incorrect classification score was used to retain Plaintiff in the ASU.  As noted above, see supra Part III.D.4, even assuming that Plaintiff has a protected liberty interest in not being retained in the ASU, Plaintiff has not identified what procedural protections guaranteed by the Due Process Clause he was denied at the ASU classification hearing.  If Plaintiff was provided with all the procedural protections guaranteed by the Due Process Clause, there is no constitutional violation.  Plaintiff fails to state a cognizable claim against Defendant Marshall for violation of the Due Process Clause.

///

### E.     <u>Fourteenth Amendment - Equal Protection Claims</u>

Plaintiff alleges that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. <u>See, e.g.</u>, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir.2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972); <u>Squaw Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th Cir.2004); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.

Plaintiff's complaint is devoid of allegations of differential treatment. Plaintiff does not allege that the adverse treatment he suffered was a product of discrimination toward his race, religion, or membership in any sort of identifiable class. Plaintiff does not allege membership in any identifiable class. Plaintiff fails to state a cognizable claim for violation of his rights under the Equal Protection Clause of the Fourteenth Amendment.

### IV.     <u>Conclusion and Order</u>

Plaintiff's complaint states cognizable claims against Defendant Reeves for depriving Plaintiff of drinking water and toilet use, and failing to provide Plaintiff with adequate clothing/blankets in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an

amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809

F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and

the Court will issue a recommendation for dismissal of the other claims and defendants, and will

forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return.  Upon

receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

constitutional or other federal rights: "The inquiry into causation must be individualized and focus

on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading

standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S. May 18,

2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Id. at *29 (citing Twombly, 550

U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Reeves for deliberate indifference toward an excessive risk to Plaintiff's health in violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

**Dated:   July 28, 2009                      /s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE