# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES SAENZ, | CASE NO. 1:09-cv-00557-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF |
| v. | (ECF Nos. 37, 47, 49, 50) |
| SGT. D. REEVES, | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| Defendant. | (ECF No. 44, 45) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR 180 DAY EXTENSION OF TIME |
| / | (ECF NO. 52) |

## I. Background

Plaintiff Robert Gonzales Saenz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint, filed January 14, 2010, against Defendant Reeves for violation of Plaintiff's rights under the First and Eighth Amendments. Currently pending before the Court are Plaintiff's motions for injunctive relief, motion for sanctions, and motion for 180 day extension of time.[1] (ECF No. 37, 44, 47, 49, 50, 52.)

## II. Injunctive Relief

Plaintiff's motion, filed May 3, 2011, alleges that he is suffering from retaliation by Mr.

---

[1] Defendant's motion to dismiss, filed April 22, 2011, shall be addressed by separate order. (ECF No. 35.)

1

1  Rosenthal, who is the law librarian at Corcoran State Prison, and requests a court order requiring Mr.
2  Rosenthal to provide adequate access and refrain from retaliation or removal of Mr. Rosenthal as the
3  librarian. (ECF No. 37.) Defendants filed an opposition to Plaintiff's motion on May 18, 2011,
4  which included a declaration from Mr. Rosenthal stating that Plaintiff has not been denied access
5  to the law library or retaliated against. (ECF No. 40.) Defendants argue that there is no evidence
6  Plaintiff is being retaliated against by being required to follow established procedures.

7  On July 18, 2011, Plaintiff filed a motion alleging that he is being retaliated against by Mr.
8  Rosenthal and Correctional Officer Cabral. (ECF No. 47.) Plaintiff alleges that he is likely to suffer
9  from additional acts of retaliation and requests a court order granting him single cell status, and for
10 the law library to provide him with copies and supplies.

11 In the motion filed August 23, 2011, Plaintiff seeks relief from harsh treatment, harassment
12 and cruel retaliatory punishment as reflected in his prior motions and seeks protective housing or
13 single cell status. (ECF No. 49, 50.) Defendant filed an opposition to the motion on September 7,
14 2011, requesting the motion be denied for lack of jurisdiction. (ECF No. 51.) Plaintiff filed a
15 response on September 23, 2011, arguing that the Court does have jurisdiction to grant him the relief
16 requested. (53.)

17 "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
18 Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff
19 seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
20 likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
21 in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos
22 Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An
23 injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter,
24 129 S. Ct. at 376 (citation omitted) (emphasis added).

25 For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield
26 v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires
27 Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and
28 particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

While Plaintiff argues that the Court has jurisdiction to grant him the requested relief, the case or controversy requirement cannot be met in light of the fact that the issues Plaintiff seeks to remedy in his motion bear no relation to the claims against Defendant Reeves for conduct that occurred while he was housed at Pleasant Valley State Prison. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107.  Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff the injunctive relief he is requesting. Steel Co., 523 U.S. at 102-103.

### III. Motion for Sanctions

Plaintiff moves for the Court to impose sanctions upon Defendant Reeves and his attorney stating that they have mislead the Court by filing a reply to Plaintiff's opposition to his motion for injunctive relief. Plaintiff alleges that Defendant and his counsel know about the retaliation and filed a false declaration from Mr. Rosenthal stating that he has not retaliated against Plaintiff. Plaintiff seeks an order removing Mr. Rosenthal as the librarian and ordering Plaintiff to receive copies at the State's expense; compensation for the time Plaintiff spent researching and writing motions, $1,137, an order prohibiting Corcoran State Prison employees from retaliating against him and prisoners in general, and for statutory requirements to be followed.

Defendants filed an opposition to Plaintiff's motion on July 5, 2011, arguing that due to

3

Plaintiff's motion for injunctive relief an investigation was conducted. The investigation determined that there was no basis to Plaintiff's claims that he was being denied access to the law library or duplication services.

The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority. "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994.

In the declaration at issue, Mr. Rosenthal states, under penalty of perjury, that Plaintiff has not been denied access to the law library on any occasion. (ECF No. 46.) Some of Plaintiff's requests for copying have been returned due to Plaintiff's failure to follow proper procedure. Plaintiff has repeated submitted copy requests that do not comply with Corcoran Operational Procedure No. 815 and California Code of Regulations, title 15, section 3162. Additionally, there is a copy limit of 100 pages for indigent inmates. Plaintiff has continually requested copies of partial exhibits, unsigned documents, and documents in excess of 100 pages.

While the Court has no doubt that Plaintiff believes that the actions of Mr. Rosenthal are retaliatory, the Court fails to find that the declaration is false or that Defendant or defense counsel have engaged in bad faith conduct by submitting Mr. Rosenthal's declaration. Plaintiff's motion for sanctions is denied.

Plaintiff is advised that while inmates do have a constitutional right to access to the courts it

1  does not include unlimited access to the law library and photocopies. Sands v. Lewis, 886 F.2d 1166,
2  1169 (9th Cir. 1989) overruled on other grounds by Lewis v. Casey, 581 U.S. 343, 350-55 (1996).
3  This action does not excuse Plaintiff from complying with the policies or regulations of the prison
4  where he is currently housed.

5  **IV.    Motion for 180 Day Extension of Time to Provide Discovery**

6       Plaintiff alleges that he has been unable to adequately provide discovery to Defendant due to
7  not being able to obtain duplication services. Defendant opposes the motion on the ground that it is
8  unclear what dates Plaintiff is seeking to enlarge.

9       The Court construes Plaintiff's motion as a motion to amend the scheduling order to extend
10 the discovery cut-off date. Modification of a scheduling order requires a showing of good cause, Fed.
11 R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth
12 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking to amend the scheduling
13 order fails to show due diligence the inquiry should end and the court should not grant the motion to
14 modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

15      Discovery in this action opened on February 22, 2011, and Plaintiff has had almost eight
16 months to conduct discovery. Plaintiff has failed to show diligence in attempting to comply with the
17 order and to allow a modification of the scheduling order without good cause would render
18 scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their
19 dockets and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at 610
20 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and
21 citation omitted)). Therefore Plaintiff's request for a 180 day extension of time shall be denied
22 without prejudice. If Plaintiff is attempting to obtain an extension of time to conduct discovery he
23 must show that he has been diligent in attempting to conduct discovery. Plaintiff's allegations of
24 denial of copying by the law librarian is insufficient to establish good cause to justify extending
25 discovery in this action.

26      **Order**

27      Accordingly it is HEREBY ORDERED that:

28      1.    Plaintiff's motions for injunctive relief, filed May 3, 2011; July 18, 2011, August 23,

5

2011, are DENIED for lack of jurisdiction;

2. Plaintiff's motion for sanctions, filed June 29, 2011, is DENIED; and

3. Plaintiff's motion for 180 day extension of time, filed September 19, 2011, is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:**    **October 11, 2011**              /s/ **Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE