# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES SAENZ,<br><br>              Plaintiff,<br><br>   v.<br><br>SGT. D. REEVES,<br><br>             Defendant.<br>                                             / | CASE NO. 1:09-cv-00557-BAM PC<br><br>ORDER PERMITTING PLAINTIFF OPPORTUNITY TO FILE SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 35)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Robert Gonzales Saenz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Reeves for violation of the First and Eighth Amendments.

On April 22, 2011, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 35.) Plaintiff filed an opposition on May 10, 2011, and Defendant filed a reply on May 16, 2011. (ECF Nos. 38, 39.) The motion was submitted under Local Rule 230(l).

In light of the recent decision in Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 2626912, at *5 (9th Cir. Jul. 6, 2012), Plaintiff must be provided with "fair notice" of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies at the time the motion is brought and the notice given in this case some two years prior does not suffice. In bringing their motion, Defendant notified Plaintiff of the cases in which he would find the law governing his obligations but that, too, does not suffice. Id.

By separate order issued concurrently with this order, the Court provided the requisite notice. Plaintiff shall be granted an opportunity to file a supplemental opposition to the motion to dismiss

1

for failure to exhaust administrative remedies.[1]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may, within **thirty (30) days** from the date of service of this order, file a supplemental opposition to the motion to dismiss;

2. If Plaintiff does not file a supplemental opposition in response to this order, his existing opposition will be considered in resolving Defendant's motion to dismiss; and

3. If Plaintiff elects to file a supplemental opposition, Defendants' may file a supplemental reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   **July 12, 2012**             /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant. Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a summary judgment motion. Woods, 2012 WL 2626912, at *5.

2