# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES SAENZ, | CASE NO. 1:09-cv-00557-BAM PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| SGT. D. REEVES, | (ECF No. 63) |
| Defendant. / | |

Plaintiff Robert Gonzales Saenz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 12, 2011, an order issued denying Plaintiff's motion for injunctive relief, denying Plaintiff's motion for sanctions, and denying Plaintiff's motion for a 180 day extension of time. (ECF No. 57.) On November 14, 2011, Plaintiff filed a notice of appeal of the order denying Plaintiff's motion for a preliminary injunction. (ECF No. 61.) On November 15, 2011, Plaintiff filed a request for reconsideration of the order denying Plaintiff's motion for sanctions. (ECF No. 63.) On July 5, 2012, the Ninth Circuit affirmed the order denying Plaintiff's motion for a preliminary injunction. (ECF No. 93.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule

230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff seeks reconsideration of the order denying his motion for sanctions due to Plaintiff's contention that defense counsel filed a false declaration in support of the motion to dismiss. Plaintiff contends that the Court was in error in declining to find that Mr. Rosenthal's declaration was false or that defense counsel engaged in bad faith by submitting the declaration in support of Defendant's motion to dismiss, because the declaration for which he seeks sanctions "was submitted intentfully [sic] to mislead the court, and as a predetermined untruth with total disregard to 'perjurious' [sic] consequences." (Plaintiff's Motion for Reconsideration 9, ECF No. 63.)

Plaintiff's disagreement with the findings of the Court is not sufficient to grant a motion for reconsideration, and the motion for reconsideration is devoid of any grounds entitling Plaintiff to reconsideration of the order denying Plaintiff's motion for sanctions.

Accordingly, Plaintiff's motion for reconsideration, filed November 15, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   July 30, 2012**             **/s/ Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE