# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES SAENZ, | CASE NO. 1:09-cv-00557-BAM PC |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| SGT. D. REEVES, | (ECF Nos.35, 38, 39, 65, 72, 98, 99) |
| Defendant. | |

## I.  Procedural History

Plaintiff Robert Gonzales Saenz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint, filed January 14, 2010, against Defendant Reeves for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. (ECF No. 16.) On April 22, 2011, Defendant filed a motion to dismiss the retaliation claim for failure to exhaust administrative remedies. (ECF No. 35.) Plaintiff filed an opposition on May 10, 2011, and Defendant filed a reply on May 16, 2011.[1] (ECF No. 38, 39.) Plaintiff filed a surreply on June 8, 2011, which was stricken from the record. (ECF Nos. 43, 57.) At the request of the Court, Defendant provided additional documentation on November 18, 2011, and Plaintiff filed a reply on December 14, 2011. (ECF Nos. 65, 72.) On August 6, 2012, Plaintiff filed a supplemental

---

[1]Following the Ninth Circuit's decision in Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 2626912, at *5 (9th Cir. Jul. 6, 2012), Plaintiff was provided with notice of the requirements for opposing a motion to dismiss, and provided with an opportunity to file a supplemental opposition. (ECF Nos. 94, 95.) Plaintiff supplemented on August 6, 2012.

1

1  opposition, and Defendant filed a reply on August 8, 2012. (ECF Nos. 98, 99.)

2  **II.** **Motion to Dismiss**

3      **A.** **Legal Standard**

4  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). At the time relevant to this action, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and

1 decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting
2 Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust
3 administrative remedies, the proper remedy is dismissal without prejudice, even where there has
4 been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

     **B.**     **Discussion**

6 Defendant Reeves brings this motion to dismiss Plaintiff's retaliation claims on the grounds
7 that Plaintiff did not file a grievance regarding retaliation by Defendant Reeves, and therefore
8 Plaintiff failed to exhaust his administrative remedies. Defendant argues that, while Plaintiff asserts
9 that he exhausted administrative remedies, the appeals he references were not processed though to
10 the Director's Level. Plaintiff admits that the document that he relies on to exhaust the Reeves
11 complaint was returned to him on October 31, 2007. The alleged retaliatory incidents occurred in
12 September 2007, and December 2007. The appeal Plaintiff references is dated February 2007, long
13 before these incidents occurred and do not exhaust his retaliation claim. Defendant moves to have
14 the retaliation claims dismissed for Plaintiff's failure to exhaust his administrative remedies.

15 Plaintiff argues that he exhausted his administrative remedies for the retaliation claim by
16 appeal No. SATF E-07-00748 and SATF E-06-03710, and the citizens complaint filed at Pleasant
17 Valley State Prison on September 28, 2007. Plaintiff claims that since appeal No. SATF E-07-00748
18 was granted in part he was not required to further pursue his administrative remedies in order to
19 exhaust.

20 In his supplemental reply, Plaintiff argues that his multiple appeals have exhausted his
21 administrative remedies and attaches 220 pages of exhibit, which are mainly irrelevant to the claims
22 here, including inmate appeals dating back to 1998 and habeas petitions. However, Plaintiff does
23 submit several inmate appeals that were filed at PVSP, and those documents would be relevant to
24 determine if Plaintiff exhausted his administrative remedies for the claims proceeding in this action.

25 Initially, the Court fails to understand why Plaintiff relied on appeals submitted at SATF to
26 establish exhaustion of administrative remedies. To the extent that Defendants responded to the
27 allegations of exhaustion in the second amended complaint and submitted appeals from SATF, this
28 is insufficient to meet the burden of establishing failure to exhaust when the incidents alleged in this

1 action occurred at PVSP. The lack of appeals filed at SATF regarding incidents that occurred after
2 Plaintiff was transferred to another facility does not establish that Plaintiff failed to exhaust his
3 administrative remedies at PVSP.

4     The incidents at issue in this action occurred at PVSP, and Plaintiff has submitted exhibits
5 demonstrating that he did file grievances at PVSP. Inmates are not required to set forth the particular
6 legal theory to be advanced in order for a grievance to be sufficient to exhaust administrative
7 remedies. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In order to find that Plaintiff's
8 appeals exhausted his administrative remedies the appeals must " provide enough information . . .
9 to allow prison officials to take appropriate responsive measures." Griffin, 557 F.3d at 1121
10 (quoting Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004)). The primary purpose of the
11 grievance is to alert the prison to the problem and facilitate resolution. Griffin, 557 F.3d at 1120.

12     On January 9, 2008, Plaintiff filed Appeal No. PVSP 08-00341 in which he grieved that on
13 December 27, 2007, he surrendered a weapon that had been planted in his cell. Plaintiff alleged that
14 Defendant Reeves ordered his cell to be searched, and placed Plaintiff in a holding cell in which he
15 was held for over three hours. (ECF No. 98 at 66.) During the time Plaintiff was in the holding cell,
16 he claimed that Defendant Reeves came by several times and spat at him, ripped a family photo, and
17 threatened physical harm to him and his family. (Id. at 66, 68.) Plaintiff alleged that Defendant
18 Reeves forced him to move to a cell with no heat coming from the vents. Defendant Reeves was in
19 charge of the conditions in the ASU and making Plaintiff stay in a cell without heat was "cruel
20 punishment, below decency." (Id. at 68.) Plaintiff was charged with a rule violation which is
21 "contrary to encouragement of rehabilitative efforts" and crushes an inmates desire to act
22 responsibly. (Id.) Plaintiff requested the rule violation be dismissed, and he be removed from ASU
23 to secure the safety of himself and his property. (Id. at 66.)

24     While this grievance does not specifically address Plaintiff's claim that Defendant Reeves
25 retaliated against him, it is sufficient to alert prison officials to Defendant Reeves conduct, which
26 is the basis of Plaintiff's retaliation claim. Accordingly, Defendant has failed to meet his burden of
27 raising and proving the absence of exhaustion. Lira, 427 F.3d at 1171.
28 ///

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to dismiss, filed April 22, 2011, is DENIED.

IT IS SO ORDERED.

Dated: __August 19, 2012__         _____/s/ Barbara A. McAuliffe_____
                                                                UNITED STATES MAGISTRATE JUDGE