# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SAENZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. D. REEVES,<br><br>        Defendant. | 1:09-cv-00557- BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br>(ECF No. 113)<br><br>ORDER DENYING MOTION TO QUASH ANTICIPATED SUBPOENAS<br>(ECF No. 118)<br><br>ORDER DIRECTING SERVICE |

**I.    Introduction**

Plaintiff Robert Gonzales Saenz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Reeves for retaliation in violation of the First Amendment and deliberate indifference to conditions of confinement in violation of the Eighth Amendment. The matter is set for jury trial on June 18, 2013.

On February 25, 2013, Plaintiff filed a motion for the attendance of incarcerated witnesses to testify at trial. Plaintiff requests the attendance of the following inmates: (1) Armando Abreu, H-16924; (2) Richard Angulo, J-70372; and (2) Peter Rodriquez, G-58147. (ECF No. 113.) On March 25, 2013, Defendant Reeves filed an opposition. (ECF No. 114.)

/////

1

**II.      Relevant Allegations in Second Amended Complaint**

On September 14, 2007, Plaintiff was housed with inmate Abreu in the Administrative Housing Unit ("AHU") at Pleasant Valley State Prison ("PVSP").  Plaintiff objected to being housed with inmate Abreu and pointed out that there was a custodial gap between them.  Defendant Reeves threatened disciplinary action if Plaintiff rejected inmate Abreu as a cellmate.

Five days later, on September 19, 2007, inmate Abreu asked to speak with Defendant Reeves.  The conversation resulted in Plaintiff being placed in a 3x3 holding cage.  Defendant Reeves approached Plaintiff and stated that he knew why Plaintiff had been transferred from the California Substance Abuse Treatment Facility and that he knew Plaintiff had filed complaints against officers at Salinas Valley State Prison.  Defendant Reeves accused Plaintiff of raping his cellmate, inmate Abreu.  Defendant Reeves told Plaintiff that he was going to make sure Plaintiff got time for it and that he was going to "fuck with" Plaintiff until he left PVSP.  Defendant Reeves also threatened Plaintiff with bodily injury.

He subsequently was transported to Fresno Community Hospital, where Ms. C. Felix, a forensic sexual abuse examiner, gathered DNA samples.  Although Plaintiff was permitted water, he was not permitted toilet use for four hours.

Plaintiff alleges that Defendant Reeves and inmate Abreu collaboratively orchestrated, and Defendant Reeves implemented, a fabricated rape charge.  The rape charge produced a rules violation report and crime incident reports.

Plaintiff was held in the ASU pending DNA test results.  The DNA test results found no evidence of rape.  The rules violation was dismissed on July 10, 2009, because of due process violations.  Defendant Reeves was aware that inmate Abreu had previously made a false rape accusation against another prisoner.

Plaintiff further alleges that on December 2, 2007, an unidentified correctional officer planted a weapon in his cell. On December 27, 2007, Plaintiff surrendered the weapon and Defendant Reeves removed the weapon from Plaintiff's front pocket where it was in a sealed

envelope. Defendant Reeves then ordered Plaintiff to be held in a 3x3 holding cell for 4 ½ hours without drinking water or toilet use. After Defendant Reeves ordered a search of Plaintiff and his cell, he ordered Plaintiff moved to corner cell without insulation. Plaintiff was housed in this bitterly cold cell, which experienced extreme temperatures, from December 27, 2007, to May 19, 2008. Plaintiff was denied extra clothing, blankets and heat. Plaintiff's request for extra clothing and blankets were referred to Defendant Reeves, who denied all requests. Defendant Reeves charged Plaintiff with possession of a weapon and Plaintiff was found guilty.

### III.    Motion for the Attendance of Incarcerated Witnesses

A. Legal Standard

In determining whether to grant Plaintiff's motion for the attendance of inmates, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.[1]  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

B. Discussion

Plaintiff requests the attendance of inmates Armando Abreu (H-16924), Richard Angulo (J-70372) and Peter Rodriquez (G-58147). Plaintiff claims that inmate Abreu will provide testimony "as to his participation in the orchestration of the false rape charge." (ECF No. 113, p. 2.) Plaintiff further claims that inmates Angulo and Rodriguez will both testify as to their

---

[1] The Court has no information on the release dates of any of the prospective witnesses and this factor shall not be discussed.

"personal knowledge of being housed in a corner (end of tier cell) [and] its weather conditions during winter season." (ECF No. 113, p. 2.)

Defendant Reeves indicates that inmate Abreu is willing to testify at trial regarding the alleged assault by Plaintiff, but remains in fear of Plaintiff. However, Defendant Reeves opposes the attendance of inmates Angulo and Rodriquez because their testimony would be irrelevant to this action. (ECF No. 114.)

    1.   <u>Inmate Armando Abreu</u>

Plaintiff indicates that inmate Abreu is a hostile witness. According to Defendant Reeves, inmate Abreu is willing to testify at trial regarding the alleged assault by Plaintiff, but does not want to be transported to the same courtroom and holding facilities as Plaintiff because "he is in fear for his safety as Plaintiff has attacked him previously and threatened him repeatedly." (ECF No. 114, p. 4.) Although neither party identifies inmate Abreu's current housing, Defendant Reeves reports that inmate Abreu is housed at an institution that allows for appearance at court via video conference.

On March 29, 2013, inmate Abreu, who is housed at California State Prison, Los Angeles, in Lancaster, California, filed a motion to quash the anticipated subpoena in this action. He claims that he "has nothing of value for the Court" and he invokes the Fifth Amendment. (ECF No. 118, p. 1.)

Although he has asserted otherwise, it is clear that inmate Abreu has relevant information regarding the alleged assault and subsequent events. Inmate Abreu does not explain why he is attempting to invoke the Fifth Amendment. The Court finds that inmate Abreu's testimony will substantially further the resolution of this case. The Court also finds that producing this witness at trial would involve the expense of transporting him, the expense of additional security to separate him from Plaintiff while at the courthouse and a potential security risk to inmate Abreu.

The Federal Rules of Civil Procedure permit testimony in open court from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed.

4

R. Civ. P. 43(a); <u>Beltran-Tirado v. Immigration and Naturalization Services</u>, 213 F.3d 1179, 1186 (9th Cir. 2000). Due to the significant expense and security risk of producing inmate Abreu at trial, the Court finds such compelling circumstances in this instance, and good cause exists to allow the testimony of inmate Abreu by video conference. Accordingly, Plaintiff's motion for the attendance of inmate Abreu to testify at trial will be granted, and it will be ordered that inmate Abreu be made available to testify at trial via video conference on the first day of trial.

      2.     <u>Inmates Angulo and Rodriguez</u>

Plaintiff reports that inmates Angulo and Rodriguez are willing to testify voluntarily at trial. Defendant Reeves opposes the motion to transport inmates Angulo and Rodriquez because their anticipated testimony regarding the conditions in a corner cell appears irrelevant to Plaintiff's claims in this action. Specifically, Defendant Reeves argues that these inmates should not be transported to testify as there is no indication that either inmate witnessed the events of this lawsuit or that they were ever housed in the PVSP cell at issue.[1]

Based on Plaintiff's moving papers, he anticipates that inmates Angulo and Rodriguez will provide testimony regarding being housed in a corner cell. (ECF No. 113, p. 2.) Inmates Angulo and Rodriguez are currently housed at R. J. Donavan Correctional Facility. At the telephonic trial confirmation hearing, Plaintiff reported that neither inmate was housed at PVSP or in the cell at issue during the relevant time period. Instead, Plaintiff expects these witnesses to provide general testimony regarding the conditions in corner cells, which have two concrete walls.

As discussed at the telephonic trial confirmation hearing, the Court finds that this evidence is marginally relevant to Plaintiff's claims and Plaintiff shall be allowed to present such evidence at trial. However, Plaintiff shall not be allowed to present duplicative and cumulative

---

[1] Defendant Reeves also argues that because Plaintiff failed to properly disclose the identities of Angulo and Rodriguez during discovery, his motion for their attendance should be denied. Fed. R. Civ. P. 37(c).

testimony from both witnesses. Given the Court's determination, at the telephonic trial confirmation hearing, Plaintiff elected to have inmate Angulo attend trial.

Accordingly, Plaintiff's motion for the attendance of inmate Angulo will be granted, and Plaintiff's motion for the attendance of inmate Rodriguez will be denied.

### IV. Motion to Quash Anticipated Subpoenas

As stated above, Inmate Armando Abreu filed a motion to quash anticipated subpoenas in this action. The Court has determined that Inmate Abreu's potential testimony is relevant to this action and intends to grant Plaintiff's motion for the attendance of inmate Abreu by video conference. Accordingly, Inmate Abreu's motion to quash the anticipated subpoena will be denied.

### V. Conclusion

For the reasons stated, it HEREBY ORDERED as follows:

1. Plaintiff's request for the attendance of Inmate Armando Abreu (H-16924) is GRANTED. Inmate Abreu shall appear at trial by video conference pursuant to Fed. R. Civ. P. 43(a). Counsel for Defendant is required to arrange for the video conference by coordinating with the prison at which inmate Abreu is housed and the Clerk's Office Information Technology staff;

2. Plaintiff's request for the attendance of Inmate Richard Angulo (J-70372) is GRANTED;

3. Plaintiff's request for the attendance of Inmate Peter Rodriguez (G-58147) is DENIED;

4. Inmate Armando Abreu's motion to quash anticipated subpoenas is DENIED; and

5. The Clerk of the Court is directed to send a copy of this order on Inmate Armando Abreu (H-16924) at Lancaster State Prison, 44750 60th Street West, P.O. Box 4610 #FCBI-204-L, Lancaster, CA 93539-4610.

IT IS SO ORDERED.

Dated:   **April 16, 2013**                             /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE