# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SAENZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. D. REEVES,<br><br>    Defendant. | Case No.: 1:09-cv-00557-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROVIDE TRIAL EXHIBITS/EVIDENCE TO WITNESS ABREU, H16924, FOR (HOSTILE) WITNESS TESTIMONY VIA VIDEO TELECONFERENCE WITHOUT PREJUDICE<br><br>(ECF No. 126) |

Plaintiff Robert Gonzales Saenz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Reeves for retaliation in violation of the First Amendment and deliberate indifference to conditions of confinement in violation of the Eighth Amendment. The matter is set for jury trial on June 18, 2013.

On April 16, 2013, the Court granted Plaintiff's motion for the attendance of incarcerated witness Armando Abreu. However, the Court ordered that inmate Abreu appear at trial via videoconference. (ECF No. 122.)

On May 10, 2013, Plaintiff filed the instant motion requesting an order that defense counsel provide certain of Plaintiff's anticipated trial exhibits to inmate Abreu in advance of trial. Plaintiff identifies the exhibits as follows: (1) J - CDC-114-D, Segregation Order; (2) N - Rape Elimination –

1

Attachment (H); (3) O - CDC 128 B Chrono Re: Gang Status, (4) P - Medical Report (Abreu), (5) R - Medical Report (Saenz), (6) Y - CDC-115 (RVR) Final Copy, (7) Z - Department of Justice Laboratory Testing (DNA) results. Plaintiff explains that he will examine inmate witness Abreu concerning his "knowledge and participation in the construction of one or more of the documents." (ECF No. 126.)

    At this point in the proceedings, Plaintiff's request shall be denied. There is no indication that these documents will be permitted as exhibits or allowed into evidence. Pretrial motions in limine have not been filed or decided and the Court has not issued any rulings on the admissibility of evidence. There also is no indication that the witness will be unable to view exhibits via video during the course of his testimony.

    For these reasons, Plaintiff's motion to provide trial exhibits/evidence to witness Abreu for (hostile) witness testimony via video teleconference is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **May 13, 2013**           /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE