|  |  |
|---|---|
| ROBERT GONZALES SAENZ, | ) Case No.: 1:09-cv-00057-BAM PC |
| Plaintiff, | ) ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE PUNITIVE DAMAGES AS MOOT (ECF No. 137) |
| v. | |
| D. REEVES, | ) ORDER REGARDING PLAINTIFF'S MOTIONS IN LIMINE (ECF No. 140) |
| Defendant. | ) ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE (ECF Nos. 132, 133, 134, 135, 136) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims that (1) Defendant Reeves falsely reported that Plaintiff raped his cellmate, Armando Abreu, in retaliation for Plaintiff filing grievances in violation of the First Amendment; and (2) Defendant Reeves was deliberately indifferent by having Plaintiff placed in a bitterly cold cell and denying him warm clothing and blankets in violation of the Eighth Amendment. A jury trial is scheduled for June 18, 2013.

On May 17, 2013, Defendant Reeves filed motions in limine, along with a motion to bifurcate punitive damages. (ECF Nos. 132, 133, 134, 135, 136, 137.) Plaintiff filed his oppositions to the motions in limine on June 3, 2013. (ECF Nos. 149, 150, 151, 152, 153.)

Plaintiff filed his motions in limine on May 17, 2013. (ECF No. 140.) Defendant Reeves filed an opposition on May 31, 2013. (ECF No. 147.)

The motions in limine were heard before the Honorable Barbara A. McAuliffe on June 7, 2013. Plaintiff appeared telephonically on his own behalf. Lesley Wagley appeared telephonically on behalf of Defendant Reeves.

## I. Defendant's Motion to Bifurcate Punitive Damages

On May 17, 2013, Defendant filed a motion for a separate trial on the issue of punitive damages. (ECF No. 137.) This motion is unnecessary. At the telephonic trial confirmation hearing held on April 15, 2013, the Court ordered that the punitive damages phase of this trial, if any, will be bifurcated. In the pretrial order issued on April 16, 2013, the Court confirmed its order that the punitive damages phase, if any, will be bifurcated. (ECF No. 123, p. 19.) Accordingly, Defendant's motion to bifurcate punitive damages is DENIED AS MOOT.

## II. Motions in Limine

### A. Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

///

**B. Plaintiff's Motion in Limine**

Plaintiff moves to preclude Defendant Reeves from offering the testimony of the maintenance supervisor and the custodian of records at Pleasant Valley State Prison. Plaintiff also moves to exclude pertinent portions of Armando Abreu's medical records regarding treatment received at Fresno Community Hospital and at Mercy General Hospital in Bakersfield. (ECF No. 140.) Defendant Reeves opposes the motion. (ECF No. 147.)

<u>Witnesses</u>

Plaintiff first contends that Defendant Reeves cannot offer the testimony of the maintenance supervisor or the custodian of records because these persons were not disclosed in discovery. Defendant counters that Plaintiff has not identified any discovery requests in which he requested this information and, thus, Defendant could not fail to disclose the identity of these witnesses. Defendant properly disclosed the identity of these witnesses at least 30 days before trial. Fed. R. Civ. P. 26(3)(A),(B) (pretrial disclosures).

Plaintiff next contends that the testimony of the maintenance supervisor is irrelevant because the conditions of the cell at issue are basic to non-insulated walls, plumbing and the electric door. Defendant argues that Plaintiff has alleged that cell 159, where he was housed as punishment by Defendant Reeves, was purposely kept colder than all other cells and that the heat vents were manually controlled by correctional officers to prevent heat from entering the cell. Defendant states that Mr. Jorge Corona, a Stationary Engineer for Pleasant Valley State Prison, is familiar with the building construction and heating system for the building that contains the cell at issue. Defendant contends that Mr. Corona's testimony is relevant as to how the cell is heated, how the building is constructed and whether this cell can be controlled differently than any other cell in the building.

The anticipated testimony of Mr. Corona appears relevant to Plaintiff's claims regarding cell 159. Fed. R. Evid. 401. Accordingly, Plaintiff's motion to preclude the testimony of the maintenance supervisor is DENIED WITHOUT PREJUDICE. As appropriate, Plaintiff may raise further objections to this testimony at trial.

Plaintiff also contends that the testimony of the custodian of records is moot because the records sought for authentication are barred and discovery disclosure has passed. As Defendant notes,

Plaintiff's argument is not entirely clear. The parties have exchanged exhibits and there has been no issue of authenticity raised as to Defendant Reeves' exhibits. Defendant reports that the parties will discuss the necessity of the custodian of records following the Court's ruling on the motions in limine.

As discussed at the hearing, the Court cannot preclude the testimony from the custodian of records regarding the authenticity of documents at this time. Therefore, Plaintiff's motion in limine to preclude the testimony of the custodian of records is DENIED.

<u>Medical Records of Inmate Abreu</u>

Plaintiff seeks to exclude the medical records of inmate Abreu. Defendant indicates that due to privacy concerns for witness Abreu, Defendant does not intend to introduce any medical records for Mr. Abreu. Based on Defendant's response, Plaintiff's motion to exclude the medical records of inmate Abreu is DENIED AS MOOT. If Defendant attempts to offer these medical records into evidence at trial, then Plaintiff may reassert his objections.

**C. Defendant's Motion in Limine No. 1**

Defendant seeks an order precluding Plaintiff from offering into evidence, questioning the defendant and witnesses about, or making arguments regarding "green wall camaraderie" or a massive conspiracy among employees of the California Department of Corrections and Rehabilitation ("CDCR"). Defendant contends that such evidence and testimony should be excluded as irrelevant, overly prejudicial and an undue consumption of time. Fed. R. Evid. 401-403, 404(b).

Plaintiff counters that evidence of camaraderie will demonstrate Defendant's motive for retaliating against him, will demonstrate why officers bypassed Plaintiff when distributing thermal clothing to combat the severe cold, why Defendant improperly delegated his reporting responsibilities and why Plaintiff was retained in disciplinary housing for a year.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the only issues to be decided are whether Defendant Reeves falsely reported that Plaintiff raped his cellmate in retaliation for filing inmate appeals and whether Defendant Reeves was deliberately indifferent by having Plaintiff placed in a cold cell without clothing or blankets. Testimony or arguments regarding "green wall camaraderie" or conspiracy amongst correctional officers are not pertinent to Plaintiff's claims of retaliation and deliberate indifference by Defendant Reeves. Fed. R. Evid. 401. Moreover, any evidence or arguments regarding a conspiracy or of co-conspirators likely would cause confusion of the issues and mislead the jury. Fed. R. Evid. 403. Accordingly, Defendant's motion in limine to preclude testimony or argument regarding "green wall camaraderie" or a conspiracy, including the use of the phrase "green wall camaraderie" is GRANTED. However, Plaintiff is not precluded from arguing that correctional officers who testify and support Defendant Reeves, if any, are biased or are not truthful because of their work or personal relationships with Defendant.

**D. Defendant's Motion in Limine No. 2**

Defendant seeks an order precluding Plaintiff from referencing, alluding to or otherwise mentioning to the jury through testimony or other means that the State of California or CDCR would be liable for paying any judgment for damages. Defendant contends that such evidence is not relevant, would be highly prejudicial and is tantamount to improper evidence of insurance. Fed. R. Evid. 402, 403, 411.

Information regarding whether the State or CDCR would pay any verdict or reimburse Defendant for any compensatory damage award is not relevant to Plaintiff's First Amendment retaliation claim or his Eighth Amendment conditions of confinement claim. Fed. R. Evid. 401. Even if such information were relevant, it should be excluded because its probative value is substantially outweighed by both a danger of unfair prejudice and a danger of confusing the issues. Fed. R. Evid. 403. Accordingly, Defendant's motion in limine to preclude any evidence of who would ultimately pay any judgment in this action is GRANTED.

///
///
///

### E. Defendant's Motion in Limine No. 3

Defendant seeks to preclude Plaintiff from referring to, commenting on or questioning any witness or in any way conveying to the jury information about dismissed parties, dismissed claims or damages related to those dismissed parties or claims. Defendant is concerned that Plaintiff is attempting to revive both dismissed claims and unrelated claims during trial. Defendant explains that following screening, Plaintiff's claims were limited to allegations against Defendant for fabricating disciplinary charges against Plaintiff in retaliation for filing grievances in violation of the First Amendment and deliberate indifference by placing Plaintiff in a holding cell without drinking water and a toilet and denying access to blankets and extra clothing in violation of the Eighth Amendment. (ECF No. 16.) Defendant also explains that following summary judgment, the Court dismissed the following: (1) Plaintiff's claim that Defendant filed a false rule violation report on December 27, 2007 in violation of the First Amendment; and (2) Plaintiff's claims that Defendant exhibited deliberate indifference by holding Plaintiff in a holding cell on September 17, 2007, and December 27, 2007, without water or a toilet in violation of the Eighth Amendment. (ECF No. 103.) Defendant contends that the dismissed claims are irrelevant, confusing, unduly prejudicial, highly likely to consume unnecessary time and confuse the jury. Fed. R. Evid. 401, 403.

Defendant requests that the Court issue a limiting instruction to Plaintiff that his claims are limited to that of alleged retaliation against Defendant in connection with the events of September 18-19, 2007, and the rape allegations by his cell mate Abreu and his claims regarding his housing in Cell ASU 159. Defendant also requests that the instruction include an admonition to Plaintiff that he may not argue that Defendant planted a metal fastener in his cell or that he was placed in a holding cell on two occasions.

Plaintiff counters that as part of his case in chief he raises issues of green wall camaraderie related to a December 27, 2007 rule violation report for a staff planted weapon. Plaintiff asserts that staff placed sharp-edged metal in his cell and Defendant was in charge of using a portable metal detector to prevent metal weapon stock/contraband from entering the administrative segregation building. Plaintiff also asserts that the wand is used daily supporting the green wall camaraderie placement of the weapon in his cell. Plaintiff further counters that Rule 403 of the Federal Rules of

6

1  Evidence provides an unfair advantage allowing the exclusion of his case in chief related to placement
2  of the weapon in his cell. Plaintiff notes that the December 27, 2007 rule violation report is listed as
3  defense exhibit DX-201.
4        At the telephonic trial confirmation hearing, Plaintiff was informed that certain of his claims
5  had been dismissed. In the pretrial order, the Court expressly stated that Plaintiff may not revive any
6  dismissed claims at trial. (ECF No. 123, p. 18.) Matters pled and dismissed in this case are not
7  relevant to Plaintiff's remaining claims that Defendant falsely reported that Plaintiff raped his cellmate
8  in retaliation for filing inmate appeals and that Defendant was deliberately indifferent by having
9  Plaintiff placed in a cold cell without clothing or blankets. Fed. R. Evid. 401. However, Plaintiff
10 should not be precluded from offering background facts regarding the events at issue, which may
11 include facts related to his dismissed claims. Furthermore, as this is a retaliation action, Plaintiff must
12 be permitted to explain for what the defendant was retaliating against. Accordingly, Defendant's
13 motion in limine to preclude evidence of dismissed claims is GRANTED IN PART and DENIED IN
14 PART. As discussed at the hearing, Plaintiff shall be permitted to testify regarding background facts,
15 but shall not be permitted to present evidence regarding dismissed claims, such as the alleged planting
16 of a metal fastener.

      **F.  Defendant's Motion in Limine No. 4**

18       Defendant seeks to preclude Plaintiff from offering his inmate appeal records into evidence,
19 which are identified as Plaintiff's Exhibits D, E, I, T, BB, EE, MM, and NN. Defendant argues that
20 evidence of other inmate appeals, investigations of those appeals, or disciplinary actions resulting
21 from those appeals are irrelevant because they do not prove defendant's actions in this case.
22 Defendant further argues that "character evidence" is not admissible to prove conduct. Fed. R. Evid.
23 404. Defendant additionally notes that statements by staff responding to the appeals are inadmissible
24 hearsay. Fed. R. Evid. 801, 802.

      **Exhibits D and E**

26       Exhibit D (Inmate Appeal #SATF-E-06-03710 ) is a staff complaint filed by Plaintiff against a
27 non-party, Correctional Officer Vasquez in September 2006. Exhibit E (Inmate Appeal #SATF-E-07-
28 00748) is a staff complaint filed by Plaintiff against non-parties, Correctional Officers Harris and Silva

in 2007.  Plaintiff contends that Defendant Reeves accessed these documents in his central file and retaliated against him based, in part, on the filing of these complaints.  As discussed at the hearing, the Court holds the motion in limine to preclude these documents in abeyance until trial.

### Exhibit I

Exhibit I (Inmate Appeal #PVSP-S-07-02891) is a staff complaint against a non-party, Associate Warden Spearman.  Plaintiff complained that Defendant Spearman conducted an administrative review at Plaintiff's cell door.  Plaintiff refused to discuss the matter because of confidentiality and Defendant Spearman subsequently cleared Plaintiff for double cell status.

As discussed at the hearing, there is no indication that this exhibit is relevant to Plaintiff's claims in this action.  Fed. R. Evid. 401.  Further, the document contains inadmissible hearsay, and Plaintiff has not identified any relevant exception to the rule against hearsay.  Fed. R. Evid. 801.  Accordingly, Defendant's motion in limine to exclude Exhibit I is GRANTED.

### Exhibits T, BB and EE

Exhibit T (Inmate Appeal/Staff Complaint (First Reeves Complaint)) is Plaintiff's 602 against Defendant Reeves related to certain of the events at issue here.  Exhibit BB (Inmate Appeal #PVSP-S-07-03614/IAB0720658) is Plaintiff's 602 regarding the rape allegations by inmate Abreu, the failure to be charged with a Rules Violation Report and a challenge to his administrative placement.  Exhibit EE (Inmate Appeal/Staff Complaint #PVSP-08-00341/IAB0729404) is Plaintiff's 602 regarding his placement in the cold cell (#159).

As discussed at the hearing, Plaintiff's 602s are irrelevant to the underlying claims regarding whether Defendant Reeves retaliated against Plaintiff or was deliberately indifferent to Plaintiff's conditions of confinement.  Fed. R. Evid. 401.  Further, the documents contain inadmissible hearsay, and Plaintiff has not identified any relevant exceptions to the rule against hearsay.  Fed. R. Evid. 801.  Accordingly, Defendant's motion to exclude Exhibits T, BB and EE is GRANTED.  However, Plaintiff may testify directly about the events at issue in this action and can testify directly as to what he claims happened to him.

///

///

**Exhibits MM and NN**

Exhibits MM and NN are 602s related to an inoperable sink in cell 135. These 602s are unrelated to Plaintiff's claims regarding cell 159 and are irrelevant. Fed. R. Evid. 401. Accordingly, Defendant's motion in limine to exclude Exhibits MM and NN is GRANTED.

**G. Defendant's Motion in Limine No. 5**

Defendant seeks an order precluding Plaintiff from offering into evidence or questioning witnesses about Exhibits A, B, C, F, G, H, J, O, U, W, X, AA, CC, DD, FF, II, JJ, KK, LL, OO, PP, QQ, RR, SS, TT, UU, and VV. The Court addresses each of these exhibits in turn.

**Exhibits A, B and C**

Exhibit A is comprised of notes from Officers Omohundro and Paramo written in 1998. Exhibit B (CDC-115, Rule Violation Report #SVSP-FC-98-064) is a rules violation report from 1998 at a different institution. Exhibit C (Petition: HC3387 (Order)/3d Level Decision CDC Appeal) is a Superior Court habeas order regarding the granting of an administrative appeal in 1999. At the hearing, Plaintiff explained that these three exhibits were a single document in his central file. Plaintiff argues that Defendant Reeves accessed this document in the central file and the document provided a motive for Defendant Reeves' retaliation against Plaintiff.

Based on the arguments presented at the hearing, these exhibits appear relevant to Plaintiff's retaliation claim. Fed. R. Evid. 401. Accordingly, Defendant's motion to exclude Exhibits A, B, and C is DENIED WITHOUT PREJUDICE. Defendant is not precluded from raising further objections at trial regarding the admissibility of these exhibits.

**Exhibit F**

Exhibit F (CDC-128-B Chrono (Modified Program)/CDC- 114-D Segregation Order) is comprised of documents indicating that Plaintiff was placed in administrative segregation due to enemy concerns. Although certain of the events at issue occurred while Plaintiff was housed in administrative segregation, the reason for that initial placement appears irrelevant to the claims at issue in this action. Fed. R. Evid. 401. Additionally, the documents contain inadmissible hearsay. Fed. R. Evid. 801. Accordingly, Defendant's motion to exclude Exhibit F is GRANTED. However,

Plaintiff is not precluded from offering background facts about where he was housed at Pleasant Valley State Prison.

### Exhibit G

Exhibit G is a CDC-1030 Confidential Information Disclosure Form. This document indicates that correctional staff received information that Plaintiff's life might be in jeopardy if he remained housed in the sensitive needs yard. Plaintiff was to be housed in administrative segregation pending transfer. At the hearing, Plaintiff contended that this document establishes when he was placed in administrative segregation and when Defendant Reeves looked at Plaintiff's files. Based on Plaintiff's arguments, Exhibit G appears relevant to Plaintiff's claims of retaliation. Fed. R. Evid. 401. Defendant's motion to exclude Exhibit G is DENIED WITHOUT PREDJUDICE. Defendant may raise appropriate objections at trial if Plaintiff fails to establish an adequate foundation for this exhibit.

### Exhibit H

Exhibit H is a CDC Offender Details Form dated January 9, 2012. As discussed at the hearing, this document is not relevant to Plaintiff's claims in this action. Fed. R. Evid. 401. Defendant's motion to preclude Exhibit H is GRANTED.

### Exhibit J

Exhibit J (CDC-114-D, Segregation Order (Abreu) 2) indicates when and why inmate Abreu was housed in administrative segregation. Plaintiff contends that because the form, at top left, is typed "AFB1-105" to "ASU-182L" it demonstrates that Defendant Reeves prearranged and housed Abreu with Plaintiff without affording a "compatibility meet opportunity." As discussed at the hearing, even if otherwise relevant, the probative value of this exhibit is substantially outweighed by a danger of confusing the issues for the jury. Fed. R. Evid. 403. Therefore, Defendant's motion in limine to exclude Exhibit J is GRANTED.

### Exhibit O

Exhibit O (CDC-128-B Gang Status report) details Plaintiff's gang status review on May 30, 2003. This exhibit is not relevant to Plaintiff's claims of retaliation and deliberate indifference. Fed. R. Evid. 401. Accordingly, Defendant's motion in limine to exclude Exhibit O is GRANTED.

///

**Exhibit U**

Exhibit U (CDC-695, Appeals Coordinator, Rejection Notice) is a letter indicating that Plaintiff's appeal was rejected/screened out by the Appeals Coordinator. This exhibit is irrelevant to Plaintiff's claims of retaliation and deliberate indifference by Defendant Reeves. Fed. R. Evid. 401. Even if it were relevant to Plaintiff's claims, its probative value is substantially outweighed by a danger of confusing the issues. Fed. R. Evid. 403. Therefore, Defendant's motion in limine to exclude Exhibit U is GRANTED.

**Exhibits W and X**

Exhibit W (CDC-128-G, (ICC) ASU Chrono, September 27, 2007) is a chrono detailing Plaintiff's placement in administrative segregation after his cellmate's allegations regarding the rape. Exhibit X (CDC-128-G, (ICC) ASU Chronos, December 7, March 8, May 8) are chronos indicating that Plaintiff remained in administrative segregation pending results of DNA and toxicology testing related to the alleged rape charge. As discussed at the hearing, these documents appear relevant to Plaintiff's claims, and Defendant's motion in limine to exclude Exhibits W and X is DENIED. However, Defendant is entitled to object to the admission of these documents at trial on other grounds.

**Exhibit AA**

Exhibit AA is a CDC/PVSP, Investigative Services Unit (ISU) Referral Report, which indicates that Plaintiff would not be prosecuted for the alleged rape due to insufficient evidence. This document appears relevant to Plaintiff's claim that Defendant Reeves fabricated the rape charge. Fed. R. Evid. 401. Accordingly, Defendant's motion to exclude Exhibit AA is DENIED. Defendant is not precluded from raising additional objections to this exhibit at trial.

**Exhibit CC**

Exhibit CC is a Habeas Corpus Petition (#08CRWR679003) regarding Plaintiff's placement in administrative segregation during the investigation of the rape allegations. The Fresno County Superior Court determined that Plaintiff failed to state a prima facie case for relief. As discussed at the hearing, these documents are not relevant to Plaintiff's claims. Fed. R. Evid. 401. Accordingly, Defendant's motion in limine to exclude Exhibit CC is GRANTED. Although Plaintiff is permitted to

testify regarding his length of confinement in administrative segregation, he is precluded from using the phrase "false imprisonment" to describe such confinement.

### Exhibit DD

Exhibit DD includes Plaintiff's habeas petition regarding his claims that a correctional officer planted a weapon in his cell, and that he is in danger of being prosecuted for possession of a weapon. The Fresno County Superior Court found that Plaintiff's claims were not ripe for adjudication. These documents are not relevant to the claims at issue against Defendant Reeves. Fed. R. Evid. 401. Accordingly, Defendant's motion in limine to exclude Exhibit DD is GRANTED.

### Exhibit FF

Exhibit FF is a letter from Plaintiff to Ms. Hubbard, Departmental Review Board (CDCR), dated January 2, 2008. In the letter, Plaintiff alleges that Defendant fabricated a rape charge and influenced an officer to plant a metal weapon in Plaintiff's cell. The letter also indicates that Plaintiff has filed a habeas petition regarding the weapon issue. As discussed at the hearing, this letter constitutes inadmissible hearsay (Fed. R. Evid. 801, 802) and is not relevant to Plaintiff's claims (Fed. R. Evid. 401.) Defendant's motion in limine to exclude Exhibit FF is GRANTED.

### Exhibit II

Exhibit II is a CDC-7410, Comprehensive Accommodation Chrono dated July 19, 2010. Plaintiff contends that this document counters Defendant's assertion that medical staff, not correctional officers, provide extra clothing and linens. As stated at the hearing, the Court holds Defendant's motion in limine to exclude this exhibit in abeyance until trial.

### Exhibit JJ

Exhibit JJ is a habeas corpus petition (#08CRWR678836) filed by Plaintiff relating, in part, to Plaintiff's claim that he was held in a cold cell without warm clothing or extra blankets. The Fresno County Superior Court determined that the petition was not ripe for review. Plaintiff's habeas petition is not relevant to his claims in this action. Fed. R. Evid. 401. Accordingly, Defendant's motion in limine to exclude Exhibit JJ is GRANTED.

///

///

**Exhibit KK**

Exhibit KK includes a letter from Plaintiff to the Fresno County Superior Court regarding his habeas petition (#08CRWR678836). The Fresno County Superior Court considered the letter and found that Plaintiff had not exhausted his administrative remedies. This exhibit is not relevant to Plaintiff's claims against Defendant Reeves in this action. Fed. R. Evid. 801. Defendant's motion in limine to exclude Exhibit KK is GRANTED.

**Exhibit LL**

Exhibit LL is identified as CDC-7230, MH Mental Health Interdisciplinary Progress Notes and contains excerpts from Plaintiff's mental health records. Plaintiff has not identified any witness that may testify as to the doctor's opinions, and Defendant's motion in limine to exclude Exhibit LL is GRANTED. However, Plaintiff is permitted to testify regarding his mental health or other symptoms.

**Exhibits OO, PP, QQ, and RR**

Exhibit OO is a letter from Plaintiff to the Appeals Coordinator dated October 11, 2007. In this letter, Plaintiff requests acknowledgement that the appeals coordinator received his complaint of officer misconduct submitted on September 28, 2007. Exhibit PP is a letter from N. Grannis to Plaintiff dated December 13, 2007. By this letter, Ms. Grannis indicated to Plaintiff that his appeal had been screened out and returned to Plaintiff for completion through the second level of review. Exhibit QQ is a letter from Plaintiff to Ms. Grannis dated December 3, 2007. This letter relates to Plaintiff's efforts to submit his inmate appeal/staff complaint regarding Defendant Reeves. Exhibit RR is a habeas corpus petition relating to the processing of Plaintiff's inmate appeals.

As indicated, these exhibits related to the processing of Plaintiff's inmate appeal/staff complaint against Defendant Reeves. They are not relevant to Plaintiff's claims of retaliation and deliberate indifference. Fed. R. Evid. 401. Accordingly, Defendant's motion in limine to exclude Exhibits OO, PP, QQ and RR is GRANTED.

**Exhibits SS, TT, UU, and VV**

Exhibit SS is a CDC-Administrative Bulletin (AB/0503) describing changes to the processing of staff complaints filed by prisoners. Exhibit TT is Staff/Citizen's Complaint Determination memorandum written to Plaintiff regarding a staff complaint. The memorandum indicates that

Plaintiff's appeal was re-categorized as a Custody/Classification issue.  Exhibit UU is comprised of letters from Ms. Grannis to Plaintiff related to the processing of Plaintiff's inmate grievance against Defendant Reeves.  Exhibit VV is Office of Administrative Law, Determination #28.

These exhibits are not relevant to Plaintiff's claims of retaliation and deliberate indifference. Fed. R. Evid. 401.  Accordingly, Defendant's motion in limine to exclude Exhibits SS, TT, UU and VV is GRANTED.

IT IS SO ORDERED.

Dated: **June 10, 2013**         /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE