UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES SAENZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. REEVES,<br><br>　　　　　Defendant. | Case No.: 1:09-cv-00557-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 173) |

### I.　Introduction

Plaintiff Robert Gonzales Saenz ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 26, 2009. (ECF No. 1.) The matter proceeded to a jury trial on June 18, 2013. The jury returned a special verdict in favor of Defendant Reeves on June 20, 2013, and judgment for Defendant Reeves was entered on June 26, 2013. (ECF Nos. 165, 169.) On July 15, 2013, Plaintiff filed a notice of appeal, which was processed to the Ninth Circuit Court of Appeals. (ECF Nos. 171, 174.)

Currently pending before this Court is Plaintiff's motion for appointment of counsel, which was filed on July 15, 2013. (ECF No. 173.)

Plaintiff does not have a constitutional right to appointed counsel, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490

1

U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

Given that this action proceeded to a jury trial, a verdict was rendered, a judgment was entered in favor of Defendant Reeves, and the matter is currently on appeal, there are no exceptional circumstances warranting the voluntary assistance of counsel for any proceedings before this court.  Accordingly, Plaintiff's motion for the appointment of counsel is DENIED.  To the extent Plaintiff seeks the appointment of counsel on appeal, Plaintiff may wish to pursue his request with the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **July 22, 2013**                              /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE