# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES SAENZ, | Case No.: 1:09-cv-00557-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TRIAL TRANSCRIPT |
| v. | |
| D. REEVES, | (ECF Nos. 173) |
| Defendant. | |

### I. Introduction

Plaintiff Robert Gonzales Saenz ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 26, 2009. (ECF No. 1.) The matter proceeded to a jury trial on June 18, 2013. The jury returned a special verdict in favor of Defendant Reeves on June 20, 2013, and judgment for Defendant Reeves was entered on June 26, 2013. (ECF Nos. 165, 169.) On July 15, 2013, Plaintiff filed a notice of appeal, which was processed to the Ninth Circuit Court of Appeals. (ECF Nos. 171, 174.)

Currently pending before this Court is Plaintiff's motion for trial transcripts at government expense, which was filed on July 15, 2013. (ECF No. 173.)

### II. Discussion

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500,

1

1  1511-12 (9th Cir.1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903, 112 S.Ct.
2  291, 116 L.Ed.2d 236 (1991).  Two statutes must be considered whenever the district court receives a
3  request to prepare transcripts at government expense.  First, 28 U.S.C. § 1915(c) defines the limited
4  circumstances in which the court can direct payment by the United States for printing the record on
5  appeal for an indigent litigant.  Section 1915(c) provides:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

13  28 U.S.C. § 1915(c).

14  Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts on
15  appeal only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous (but
16  presents a substantial question)." 28 U.S.C. § 753(f).  A request for a transcript at government expense
17  should not be granted unless the appeal presents a substantial question.  Henderson v. United States,
18  734 F.2d 483, 484 (9th Cir.1984).

19  According to his notice, Plaintiff indicates that his appeal is based on the Court's September
20  28, 2010 order in which the Court found that Plaintiff's second amended complaint failed to state any
21  cognizable claims against Defendant Davis and dismissed the claims against him.  (ECF No. 16.)  The
22  Court does not find that the appeal presents a substantial question.  After multiple attempts, Plaintiff
23  was unable to state a cognizable claim against Defendant Davis despite the Court's provision of the
24  relevant legal standards and identification of pleading deficiencies. (ECF Nos. 7, 9.)  Accordingly, the
25  request for trial transcripts at government expense shall be denied.

26  Plaintiff is notified that the appellate court will request any necessary documents that are in the
27  record directly from this Court.  Plaintiff also is notified that he may renew his request for a transcript
28  at government expense with the appellate court by filing a motion in that court.

### III.     Conclusion and Order

Based on the above, Plaintiff's motion for trial transcripts at government expense is DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2013**                       /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE